UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMELLE R. MORRIS,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HOMECOMINGS FINANCIAL, LLC,  )<br>  )<br>          Defendant.  )<br>_____)| Civil No. 07cv2122-L (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS [doc. #2]; DENYING MOTION FOR MORE DEFINITE STATEMENT AS MOOT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [doc. #5] and GRANTING LEAVE TO FILE AN AMENDED COMPLAINT** |

    Defendant Homecomings Financial, LLC's[1] moves to dismiss the above-captioned complaint or alternatively, for a more definite statement. [doc. #2]. The Court notes that plaintiff, who is appearing *pro se*, neither filed an opposition to defendant's motion to dismiss or for a more definite statement, nor sought an extension of time in which to respond to the motion. Civil Local Rule 7.1.f.3 provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

    Although the Court could grant summarily defendants' motion for plaintiff's failure to oppose it, the Court will conduct a review of the motion on the merits.

---

[1] Plaintiff asserts that "Defendant is **Homecomings Financial LLC & Wachovia Dealer Services** at 4350 Von Karman Avenue #100, Newport Beach, CA 92660." (Complaint at 3.)

# DISCUSSION

## 1. Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), if a complaint is so vague or ambiguous that the opposing party cannot reasonably frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. A Rule 12(e) motion for a more definite statement must be considered in light of Federal Rule of Civil Procedure 8's liberal pleading standards in federal court. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Under Rule 8, complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). A "[p]leading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, and it must not be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (2d ed.) § 1376. When the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8, dismissal is proper.

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery" (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b). Rule 8; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry,* 84 F.3d at 1179.

As defendant properly notes, plaintiff's allegations are so vague, broad-sweeping and largely unintelligible that defendant does not have notice of the claims against it. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8). Plaintiff does nothing more than offer a wide array of disconnected, legal-sounding concepts untethered to any specific factual allegations. To obtain compensation for the indignities plaintiff contends she endured, she must articulate viable, legally recognized claims against the defendant. Because of this failure to provide notice of her claims to defendant, the Court will dismiss the complaint based on Rule 8 and defendant's motion for a more definite statement will be denied as moot.

### 2.   Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965. Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson*

*v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

As discussed above, the nature of plaintiff's complaint is largely incomprehensible but it appears that plaintiff's complaint may be based upon defendant's foreclosure of real property under a deed of trust or promissory note. Plaintiff peppers her complaint with various legal claims including: quiet title; Regulation Z of the Truth in Lending Act ("TILA"); the Bankruptcy Reform Act of 1978; 42 U.S.C. §§ 1983, 1985, 1986; criminal violation of 18 U.S.C. § 4; domestic mixed war; fraud; conspiracy; treason; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiff also contends that "there was a commercial dishonor, for which I exercised my rights by using the guidelines of the United Nations Convention." (Complaint at 4). Plaintiff accuses defendant of the "following crimes against humanity, and violation of the rights of the people of this California Republic/International Communities/ Universal Declaration of Human Rights or obligation are secured, preserve or defined by the Constitution." *Id.* at 5. Finally, plaintiff lists several Uniform Commercial Code ("UCC") sections.

### A.   Quiet Title

The caption of plaintiff's complaint indicates that she seeks to assert a quiet title claim to certain real property located in San Diego. As set forth in defendants' motion to dismiss, plaintiff has not verified properly the complaint and/or alleged the basic factual elements of a quiet title claim under California Code of Civil Procedure § 761.020. For example, plaintiff must allege the legal description and street address of real property; the title plaintiff seeks and the factual basis for the title; the adverse claims against the title; the date as of which the determination is sought; and a prayer for the determination of the title. The Court will dismiss this claim without prejudice so that plaintiff may properly allege, if the facts warrant, a quiet title claim.

### B.   Truth in Lending Act and Regulation Z

TILA, which is contained in Title I of the Consumer Credit Protection Act, as amended

(15 U.S.C. § 1601, et seq.), is intended to assure a meaningful and detailed disclosure of credit terms so that consumers can compare more readily various available terms and avoid the uninformed use of credit. 15 U.S.C. § 1601(a). TILA requires that a creditor disclose to a borrower specific information, including finance charges, annual percentage rate, and the right to rescind a transaction. *See, e.g.*, 15 U.S.C. §§ 1635, 1638. Regulation Z, 12 C.F.R. Part 226, is issued by the Board of Governors of the Federal Reserve System to implement TILA. *See* 12 C.F.R. § 226.1(a). A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986) citing 15 U.S.C. § 1635(a). TILA requires that the documents state specifically the last date on which the borrower can rescind the loan agreement without penalty. TILA's "buyer's remorse" provision allows a borrower three business days to rescind, without penalty, a consumer loan that uses his or her principal dwelling as security. TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1- .29 ('Regulation Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated. *Id*. at 701-02, citing 15 U.S.C. § 1635(a) & (f); 12 C.F.R. § 226.23(b)(5). If the borrower timely exercises his or her right to rescind, "the security interest giving rise to the right of rescission becomes void . . . ." 12 C.F.R. § 226.23(d).

Here, plaintiff has not set forth any contentions that demonstrate a violation of TILA and Regulation Z. In addition to stating that defendant never "loaned anything of substance" to her which would vitiate any TILA claim, she does not contend that she gave written notice of her right to rescind and does not indicate what defendant failed to disclose. Although this claim will be dismissed for failure to state a claim, plaintiff will be given leave to amend her TILA claim.

### C. Allegations of Criminal Violations

Plaintiff's complaint includes purported violations of criminal statutes but a civil complaint cannot state a claim for violation of a criminal statute. For example, plaintiff attempts

to bring a claim under 18 U.S.C. § 4, the federal criminal statute for misprision of a felony . Nor can plaintiff bring a criminal complaint with respect to fraud under 18 U.S.C. § 1001 or criminal conspiracy or treason. These claims request criminal charges that cannot be pursued in a civil action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also, Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Fiorino v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979). Neither plaintiff nor the court are authorized to file a criminal complaint. Whether to prosecute and what criminal charges to file are decisions that rest in the prosecutor's discretion. The conduct of criminal prosecution is an executive function within the exclusive prerogative of the Attorney General. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Thus, plaintiff's claims of criminal activity fail to state a claim and must be dismissed with prejudice.

To the extent plaintiff seeks to bring a claim for civil fraud, she has failed to allege facts with specificity as required by Federal Rule of Civil Procedure 9(b). She must provide some factual details that demonstrate a misrepresentation of fact; knowledge of the falsity; intent to defraud, *i.e.,* to induce reliance; justifiable reliance; and resulting damage. *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 806-07 (2007).

Plaintiff's complaint also offers no specific allegations concerning civil conspiracy. Liability for civil conspiracy requires three elements: (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of the conspiracy. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511(1994). Moreover, under California law, civil conspiracy is not a separate and distinct cause of action. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. *Applied Equipment,* 7 Cal.4th at 510-11. Standing alone, "a conspiracy does no harm and engenders no tort liability." *Id*. at 511. Additionally, the complaint does not allege any agreement between defendant and any other entity or person to perform a wrongful act or

knowledge that the act was wrong. Accordingly, the complaint fails to state a cause of action for civil fraud and/or conspiracy and therefore these claims are subject to dismissal without prejudice.

### D. Constitutional Violations

To the extent plaintiff has attempted to articulate claims against defendant under 42 U.S.C. § 1983, the complaint fails to allege at least one essential element of such claims: that defendant acted under color of state law. As the Supreme Court has observed, "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). In order to state a viable claim under § 1983, a plaintiff must allege "both the existence of a federal constitutional or statutory right, and a deprivation of that right by a person acting under color of state law." *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994) (citation omitted). *See also Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at state action and state actors, . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.") (citation omitted). Further, it is also unclear exactly which of plaintiff's federally protected rights were violated by defendant's alleged conduct. Because defendant is not a state actor, plaintiff's claim must be dismissed with prejudice.

To bring a cause of action successfully under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983). Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

conspirators' action." *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff's complaint fails to make any factual allegations that would support a § 1985 claim, *e.g.,* that there was a conspiracy or that her equal protection rights were violated.

As defendants correctly note, in order to bring a claim under 42 U.S.C. § 1986, there must be a valid claim under § 1985. *See McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). Because plaintiff has not stated a claim for violation of 42 U.S.C. § 1985, her claim under § 1986 must fail as well.

Plaintiff's § 1983 claim is dismissed with prejudice and her claims under §§ 1985 and 1986 are dismissed without prejudice.

### E.   RICO

Plaintiff appears to be attempting to bring a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. (Complaint at 7.)  Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . .."

Plaintiff's allegations are insufficient to state a claim under the civil RICO statute. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the "elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To establish liability, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id*.

Plaintiff's allegations do not provide any basis for an inference that the alleged criminal activity was a part of an enterprise or that defendant was engaged in such an enterprise or that a pattern exists or of what the predicate act(s) consists. Accordingly, plaintiff fails to state a claim for a civil RICO violation.

### F. Other Allegations

Plaintiff lists several Uniform Commercial Code sections but does not set forth any allegations about those sections, and the sections plaintiff lists concern definitions, severability and unauthorized signatures (Complaint at 9-10) – none of which provides a basis for a cause of action. To the extent plaintiff relies on the UCC to state a claim, she fails to do and such an attempt is without merit as a matter of law.

Plaintiff states that a "claim of relief can only be granted under the Bankruptcy Reform Act." (Complaint at 2.) This statement is nonsensical and is not an actual claim for relief.

Finally, plaintiff makes several statements about a supposed "mixed war." Plaintiff alleges that the President and Vice president of defendant "are hereby accused of the following crimes against humanity, and violation of the rights of the people of this California Republic/ International Communities /Universal Declaration of Human Rights or obligations are secured, preserved or defined by the Constitution, art.1 sec. 10." (Complaint at 5.) Plaintiff also invokes the "guidelines of the United Nations Convention." (Complaint at 4.) Plaintiff's references to the United Nations, crimes against humanity and various international declarations do not and cannot provide a civil cause of action for plaintiff. Indeed, such references are immaterial, irrelevant and exceed the concept of frivolous and will be dismissed with prejudice.

### G. Conclusion

Plaintiff has failed to allege facts to support any of her claims. Plaintiff will be given leave to amend her complaint to properly allege a factual basis, in compliance with Rules 8 and 12(b)(6), to support her claims of TILA and Regulation Z, 42 U.S.C. §§ 1985, 1986, civil fraud and/or conspiracy, and RICO. If plaintiff intends to file an amended complaint, plaintiff shall not assert claims alleging crimes, violations of 42 U.S.C. § 1983, mixed war, the Bankruptcy Act of 1978, UCC, and various international treaties and United Nations resolutions. The Court admonishes plaintiff to be aware of Rule 11 of the Federal Rules of Civil Procedure which gives a court the authority to issue sanctions against a party whose claim is not well grounded in fact, is not warranted by existing law, is not made in good faith, or is brought for any improper purpose. Imposition of sanctions is not limited to attorneys. A court may also impose sanctions

upon a *pro se* litigant who violates the requirements of Rule 11. *McInerny v. San Francisco*, 668 F.Supp 1352 (N.D. Cal. 1986).

The Court mentions sanctions merely to insure that plaintiff is aware that sanctions could be and likely will be imposed against her if she continues to bring frivolous claims before this Court.  Her present complaint is not grounded in fact and is not warranted by existing law.  If plaintiff files another complaint which is similarly frivolous, nonsensical and/or unintelligible, or is brought for any improper purpose, her actions will clearly fall within the purview of Rule 11.

### B.     MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when, under the substantive governing law, it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party does not have the burden of proof at trial, it may carry its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  When the moving party bears the burden of proof on an issue — whether on a claim for relief or an affirmative defense — the party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in its favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party fails to discharge its initial burden of production, summary judgment

must be denied and the court need not consider the nonmoving party's evidence, even if the nonmoving party bears the burden of persuasion at trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970); *Nissan Fire*, 210 F.3d at 1102-03. When the moving party carries its initial burden of production, the nonmoving party cannot "rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. Rather, the non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *Anderson*, 477 U.S. at 256; *Nissan Fire*, 210 F.3d at 1103.

A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). When ruling on a summary judgment motion, the court cannot engage in credibility determinations or weighing of the evidence; these are functions for the jury. *Anderson*, 477 U.S. at 255; *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). The court is not required "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), but rather "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

Because plaintiff will be permitted to file an amended complaint in conformity with Rule 8 and this Order, her motion for summary judgment is moot. Notwithstanding plaintiff's *pro se* status, plaintiff is advised to become familiar with the Federal Rule of Civil Procedure and the Civil Local Rules. A summary judgment motion generally will be premature until defendant files an answer, an early neutral evaluation is held, a case management conference is held, and

discovery is complete.

Here, defendant has not filed an answer because the complaint fails to provide notice to defendant of any of plaintiff's claims. Further, plaintiff has provided no evidence, admissible or otherwise, to support her claims sufficient to warrant summary judgment.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss is **GRANTED** as set forth above and the alternative motion for more definite statement is **DENIED** as moot. Plaintiff's motion for summary judgment is **DENIED**. The Clerk of the Court is directed to close this case. Plaintiff is granted leave to file an amended complaint in accordance with this Order. If plaintiff intends to file an amended complaint, she must do so no later than **August 29, 2008**. Failure to file a timely amended complaint shall result in dismissal with prejudice of the entire action.

**IT IS SO ORDERED.**

DATED: August 4, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL